## DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## October, 1881.

---

## NATHANIEL SMITH, Appellant, *v.* BENJAMIN SIXBURY, Respondent.

*Trade-mark — what words may be used as.*

Any words selected arbitrarily, not expressive of the quality or character of the article, and not previously appropriated by any other person to designate a similar commodity, may be used as a trade-mark for such article.

The plaintiff had been engaged during the last twenty-five or thirty years in compounding, manufacturing and selling a liquid medicine which he called "Barker & Smith's Magnetic Balm." Prior to that time one Barker, a physician, had been engaged in manufacturing and selling a medicine which he called "Magnetic Balm." The plaintiff had purchased from him his interest in and the recipe for the said medicine. The medicine contained no magnetism or electricity.

*Held,* that the plaintiff was entitled to be protected in the use of the words "Magnetic Balm," as against any person subsequently attempting to use the same.

Appeal from a judgment, entered upon the report of a referee, dismissing the complaint, with costs.

*Butterfield & Phillips,* for the appellant.

*Lansing & Rogers,* for the respondent.

Smith, J. :

The plaintiff has been engaged during the last twenty-five or thirty years in compounding and manufacturing at the city of Syra-

cuse and selling in certain counties in the northern part of this State, and in other parts of the United States, a liquid medicine which he has designated by the name of Barker & Smith's Magnetic Balm. One William Barker, a practicing physician, was engaged some thirty years ago in manufacturing and selling at Syracuse a medicine which he called "Magnetic Balm," and his recipe and interest in the medicine were purchased by the plaintiff. The plaintiff claims to have adopted the words "Magnetic Balm" as a trade-mark to be placed on the glass bottles in which the medicine manufactured by him is usually put up for sale. He has also been accustomed for several years to inclose each bottle of medicine in a paper wrapper on which is printed a label headed with the words "Barker & Smith's Magnetic Balm" containing a description of the properties of the medicine and directions for its use, and having on the side inclosed in brackets the words "Trade-mark, Magnetic Balm." The plaintiff alleges that the defendant, who is engaged in manufacturing and selling a like medicine at the city of Watertown, has wrongfully used the plaintiff's said alleged trade-mark and imitated his label, and is still doing the same. This action is brought to restrain the defendant from using said trade-mark and imitating said label, and to recover damages.

The referee found substantially, among other things, the facts above stated; but he found also, as matter of law, that the words "Magnetic Balm," as used by the plaintiff, do not constitute a trademark, and on that ground, as is to be inferred from his report, he ordered the complaint to be dismissed.

In this we think the referee erred. He had found, as a fact, that the medicine compounded by the plaintiff contained no magnetism or electricity. That being the case, the word "magnetic," as applied to the compound, was an arbitrary word not descriptive of the article, and one which the plaintiff could lawfully appropriate as a trademark. The view which the referee probably took of the matter is suggested by the finding of fact contained in his report, that "the word magnetic, when not used in its strict scientific signification, denotes something wonderful, quick or attractive." We are at loss to discover upon what evidence that finding is based. There is none warranting it in the printed case, which purports to contain all the evidence. And we know of no authority in lexicography for

holding that the word " magnetic," as applied to a liquid compound, such as the plaintiff's medicine is shown to be, has any such meaning as is given to it by the referee, or is descriptive of any quality of such compound.

The rule is, that any word, selected arbitrarily, not expressive of the quality or character of the article, and not previously appropriated by any other person to designate a similar commodity, may be used as a trade-mark for such article. (*Gillott* v. *Esterbrook,* 48 N. Y., 374; *Newman* v. *Alvord,* 51 id., 189; *Hier* v. *Abrahams,* 82 N. Y., 519.)

There is no evidence that any other person had adopted the words " Magnetic Balm " to designate a similiar article, before they were used by the plaintiff and his assignor, Barker.

There are several other questions in the case upon which it is unnecessary to comment.

For the error above pointed out the judgment should be reversed, and a new trial ordered before another referee, costs to abide the event.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.